UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NICOLE SCHWEIHS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:18-cv-140 |
| STATE FARM INSURANCE COMPANY, | ) ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Partial Summary Judgment [DE 13] filed by the defendant, State Farm Mutual Insurance Company, on November 16, 2018. For the following reasons, the motion is **GRANTED.**

*Background*

This matter arises out of a motor vehicle accident that occurred on August 17, 2016. The plaintiff, Nicole Schweihs, has alleged that she was a passenger in a vehicle being driven by Dylan Sherman. Dylan attempted to make a left turn onto Stone Avenue in Portage, Indiana, when another motorist, Anthony Ditola, proceeded through the intersection and the two vehicles collided. The accident resulted in Schweihs allegedly sustaining serious injuries. Ditola was insured by a policy of insurance issued by Progressive Insurance Company. Progressive paid Schweihs the policy liability limit of $25,000.00 in full settlement of her claim against Ditola.

At the time of the accident, Dylan and Schweihs were dating and lived together at Robert Sherman's home. Robert Sherman was Dylan's father. Dylan was insured under a policy of insurance issued by the defendant, State Farm Mutual Insurance, to Robert Sherman. The policy provided for underinsured motorist coverage with limits of $100,000.00.

Schweihs has brought claims against State Farm for breach of contract and bad faith for State Farm's failure to pay underinsured motorist benefits under the policy. State Farm has moved for partial summary judgment on Schweihs' bad faith claim only. State Farm asserts that Schweihs was not the named insured on the policy nor was she in privity of contract with State Farm, and there is no evidence that she paid any of the policy premiums. Therefore, State Farm has argued that Schweihs lacks standing to sue State Farm for bad faith.

Schweihs filed a response in opposition to State Farm's motion on December 12, 2018. Schweihs has argued that a genuine of material fact exists because she is an "insured" as defined under State Farm's policy. State Farm filed a reply on January 10, 2019.

*Discussion*

Pursuant to **Federal Rule of Civil Procedure 56(a),** summary judgment is proper only if it is demonstrated that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Garofalo v. Vill. of Hazel Crest*, 754 F.3d 428, 430 (7th Cir. 2014); *Kidwell v. Eisenhauer*, 679 F.3d 957, 964 (7th Cir. 2012); *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009). A fact is material if it is outcome determinative under applicable law. The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160, 90 S. Ct. 1598, 1610, 26 L. Ed. 2d 142, 155 (1970); *Stephens*, 569 F.3d at 786. When the movant has met its burden, the opposing party cannot rely solely on the allegations in their pleadings but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." *Marr v. Bank of America, N.A.,* 662 F.3d 963, 966 (7th Cir. 2011); *see also* **Steen v.**

*Myers,* 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory,* 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.")). The non-moving party cannot rely on conclusory allegations. *Smith v. Shawnee Library System,* 60 F.3d 317, 320 (7th Cir. 1995). Failure to prove an essential element of the alleged activity will render other facts immaterial. *Celotex,* 477 U.S. at 323; *Filippo v. Lee Publications, Inc.,* 485 F. Supp. 2d 969, 972 (N.D. Ind. 2007) (the non-moving party "must do more than raise some metaphysical doubt as to the material facts; he must come forward with specific facts showing a genuine issue for trial.").

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 212 (1986); *McDowell v. Vill. of Lansing*, 763 F.3d 762, 764, 765 (7th Cir. 2014). In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial. *Anderson,* 477 U.S. at 248; *Cung Hnin v. Toa, LLC*, 751 F.3d 499, 504 (7th Cir. 2014); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008).

A federal court sitting in diversity applies the substantive law of the forum state, so Indiana law applies here. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Ruiz v. Blentech*, 89 F.3d 320, 324 (7th Cir. 1996). "Indiana law has long recognized that there is a legal duty implied in all insurance contracts that the insurer deal in good faith with its insured." *Erie Insurance Co. v. Hickman,* 622 N.E.2d 515 (Ind. 1993). While there is no exhaustive or exclusive list of bad faith actions that an insurer can take, the obligation of good faith and fair

3

dealing includes the obligation to refrain from: (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of her claim. ***Monroe Guar. Ins. Co. v. Magwerks Corp.,*** 829 N.E.2d 968, 976 (Ind. 2005) (quoting ***Hickman,*** 622 N.E.2d at 519).

State Farm has argued that Schweihs lacks standing to sue it for bad faith because she was not a named insured on the policy. The named insured was Robert Sherman. However, Schweihs contends that she, as a passenger in Sherman's vehicle, is defined as an "insured" under the policy and is owed a duty of good faith. State Farm, in the instant motion, is not disputing whether Schweihs is an "insured" entitled to recover under the policy, sue for breach of contract under the policy, or assert defenses under the policy. Rather, State Farm contends that it does not owe a duty of good faith to Schweihs because she was not a party to the contract.

Schweihs was not the named insured on the policy nor was she in privity of contract with State Farm. Instead, she is a third-party beneficiary of the insurance contract between Robert Sherman and State Farm. This gives her standing to sue to enforce the contract, but under Indiana law, "third-party beneficiaries cannot sue an insurer in tort for bad faith." ***Samaron Corp. v. United of Omaha Life Ins. Co.***, 2014 WL 4906314, at *14 (N.D. Ind. 2014) (citing ***Cain v. Griffin***, 849 N.E.2d 507, 514 (Ind. 2006)); ***Estate of Swan v. Westfield Ins. Co.***, 2009 WL 3200298, at *4 (N.D. Ind. 2009) ("Indiana law does not permit [a third party beneficiary] to bring a direct action against [an insurance company] on his tort action of bad faith dealing.").

Schweihs also has argued that she was owed a duty of good faith because she had a special relationship with Robert Sherman, the owner of the policy. However, it is her special relationship with State Farm that is at issue. A "special relationship" is one that exists between

4

the insurer and the insured, which at times is contractual and arms-length but can also be fiduciary in nature. **Kimmel v. Western Reserve Life Assur. Co. of Ohio,** 627 F.3d 607, 612 (7th Cir. 2010). Schweihs has not pointed to any evidence that she had the "special relationship" necessary to establish a duty on the insurer's part to act towards her in good faith. **Cain**, 849 N.E.2d at 510; **Martinez v. State Farm Mutual Automobile Insurance Company,** 2016 WL 1270414, at *2 (N.D. Ind. 2016); **Eberle v. Prudential Ins. Co. of America,** 2007 WL 541821, at *10 (N.D. Ind. 2007).

Accordingly, as State Farm has argued, since Schweihs was not the named insured nor in privity of contract with State Farm, State Farm does not owe her any duty of good faith and fair dealing. Schweihs' claim for bad faith must fail because she lacks standing, and State Farm is entitled to judgment on the claim against it for bad faith.

Based on the foregoing reasons, the Motion for Partial Summary Judgment [DE 13] is **GRANTED.**

ENTERED this 18th day of June, 2019.

/s/ Andrew P. Rodovich
United States Magistrate Judge